IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| NICOLE SINISGALLI, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br>v.<br><br>HIPAALINE LTD d/b/a Leafwell<br><br>and<br><br>ONLINE MD LLC<br><br>and<br><br>EMILY ARIDA FISHER<br><br>Defendants. | Case No.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |

## I. INTRODUCTION

Now comes Plaintiff, Nicole Sinisgalli ("Sinisgalli") by and through Counsel, and brings this action against Defendants, Hipaaline, LTD, Online MD, LLC, and Emily Arida Fisher, on behalf of herself and all others similarly situated pursuant to Rule 216(B) for violations of the Fair Labor Standards Act (FLSA) and Ohio Rule 23 Class Action for Violations of the Ohio Minimum Wage Fairness Act ("OMFWSA"), O.R.C. 4111.01, *et seq.*, and states as follows:

## II. PARTIES

1. Plaintiff Nicole Sinisgalli is a resident of the state of Ohio. Plaintiff Sinisgalli was employed by the Defendants as a patient care specialist.

1

2. At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Ohio and was employed by Defendants in this judicial district.

3. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), R.C. 4111.03(D)(3), and R.C. 4112.01 (A)(3).

4. Plaintiff's consent is attached as exhibit A. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

5. Defendant Hipaaline Ltd. is a limited liability company of England and Wales with its principal place of business in London, England that is in the medical marijuana prescription business.

6. Defendant Online Md, LLC is a limited liability company with a principal address of 8095 N.W. 68th Street, Miami, FL 33166 and is in the medical marijuana prescription business.

7. Upon information and belief, Emily Arida Fisher is a resident and citizen of England and the Chief Executive Officer of Hipaaline LTD.

8. Defendant Hipaaline, LTD uses the address of 3680 Wishire Blvd., Los Angeles, CA 90010 as its United States headquarters but is not registered with the California Secretary of State to conduct business there.

9. Upon information and belief, Defendant Hipaaline LTD does business in the United States through its in-house counsel, Daniel Torres, and through its relationship with Online MD LLC.

10. At all times relevant herein, Defendants determined the conditions of Plaintiff's and similarly situated patient care specialists' work, including job requirements

and rates and method of pay. At all relevant times, Defendants were an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2) and R.C. 4112.01 (A)(2).

11. At all times relevant herein, Defendants were subject to the overtime provisions of the Fair Labor Standards Act (FLSA) and the Ohio Minimum Wage Fairness Act ("OMFWSA"), O.R.C. 4111.01, *et seq*.

### III. FACTS

#### INTRODUCTION

12. Plaintiff Sinisgalli was employed remotely by Defendants within this judicial district as a patient care specialist from approximately March 22, 2021 through August 2, 2021.

13. Defendants misclassified Plaintiff Sinisgalli and similarly situated patient care specialists as independent contractors from approximately March 22, 2021 through approximately May 31, 2021.

14. Despite no changes in the Plaintiff's responsibilities, on approximately June 1, 2021, Defendants re-classified Plaintiff and similarly situated patient care specialists as employees, but still did not pay overtime to Plaintiff for hours worked over forty in a given workweek.

15. At all relevant times, Plaintiff worked more than forty hours in any given workweek.

16. Defendants led Plaintiff to believe that Plaintiff was not entitled to overtime for hours worked in excess of forty hours in any given workweek simply because Plaintiff was paid on a salary basis as opposed to an hourly wage.

17. Plaintiff was incorrectly classified as a "salaried" employee.

#### COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

19. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current Patient Care Specialists or persons with jobs performing substantially identical functions and/or duties to Patient Care Specialists employed by Defendants in the United States during the statutory period covered by this Complaint.

20. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 50 persons.

21. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as their own in bringing this action.

22. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**

23. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Ohio Rules of Civil Procedure. Plaintiff brings Count Two of this action pursuant to Ohio Civ. R. 23. on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current Patient Care Specialists or persons with jobs performing substantially identical functions and/or duties to Patient Care Specialists employed by Defendants in the State of Ohio during the statutory period covered by this Complaint.

24. The requirements of Rule 23(a)(1) have been met. The Class is so numerous that joinder of all members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, it consists of at least 40 people.

25. The requirements of Rule 23(a)(2) have been met. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   (a) whether Defendant failed to pay overtime compensation to its "exempt" employees for hours worked in excess of 40 each workweek;

   (b) whether Defendant's failure to pay overtime compensation to its "exempt" employees was willful; and

   (c) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's violation of R.C. 4111.03 and 4111.10.

26. The requirements of Rule 23(a)(3) have been met. The overtime claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of the other Ohio Class members.

27. The requirements of Rule 23(a)(4) have been met. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Their interests are not

antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

28. Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

### A. **LEGAL CLAIMS**
**First Claim for Relief (On Behalf of herself and the FLSA Collective)**
**Violation of the Fair Labor Standards Act ("FLSA")**
**(Overtime Violations)**

29. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

30. Defendants are an employer covered by the overtime requirements set forth in the FLSA.

31. Plaintiff worked in excess of the maximum weekly hours permitted under the FLSA but was not paid overtime for those excess hours because they were incorrectly classified by Defendants as an independent contractor and then incorrectly classified by Defendants as an exempt employee.

32. Throughout Plaintiff's employment, Defendant knew, or should have known, that the method of compensation described herein did not exempt Plaintiff from the overtime obligations imposed by the FLSA. Thus, Defendants have willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff is entitled.

33. Pursuant to the FLSA, Plaintiff and similarly-situated employees are entitled to compensation for the unpaid overtime at a rate of one-and-one-half times their hourly wage. Because Defendants' failure to pay overtime was willful pursuant to 28 U.S.C. § 255(a), Plaintiffs and similarly situated employees are entitled to these wages, in addition to liquidated damages, dating back three years.

34. The exact amount of overtime compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

35. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment and to preserve such records. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime wages owed by Defendants.

36. Defendants' failure to pay Plaintiff and similarly situated employees at the lawful overtime rate is not based on good faith or reasonable grounds or a belief that

such failure was not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiff and similarly situated employees are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

37. Plaintiffs have been required to file this action as a result of Defendants' actions in failing to pay them and similarly situated employees' proper compensation. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 28 U.S.C. § 216(b).

**Second Claim for Relief (On Behalf of herself and the Rule 23 Class)**
**(Violations of Ohio Revised Code 4111.03)**
**(Overtime Violations)**

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (See *Douglas v. Argo-Tech Corp.,* 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate).

40. Defendants' policies and practices regarding Plaintiff and the other employees to whom Defendant did not pay overtime violates the overtime provisions of OMFWSA, R.C. 4111.03.

41. Plaintiff and similarly situated employees are due overtime pay pursuant to the OMFWSA, R.C. 4111.03.

42. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime pay violated the OMFWSA, R.C. 4111.03.

43. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their

regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

44. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants and asks the Court for the following relief:

   a. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members;

   b. Overtime pay and liquidated damages pursuant to the FLSA and state law;

   c. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   d. Designation of Plaintiff as representatives of the Rule 23 Class and counsel of record as Class Counsel;

   e. A declaratory judgment that the practices complained of herein are unlawful under §34a and the OMFWSA (Ohio Minimum Fair Wage Standards Act);

   f. An award of overtime wages and liquidated damages due under Section 34a and the OMFWSA;

    g. Liquidated damages under O.R.C. § 4113.15 and the OMFWSA;

    h. An award of prejudgment and post-judgment interest;

    i. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees;

    j. Unpaid wages, including overtime wages, as to be determined at trial together with any liquidated and treble damages allowed by law;

    k. Such other legal and equitable relief as the Court may deem just and proper.

DATED: December 5, 2021

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

*Counsel for Plaintiff, the Class & the Collective*